BOOTH, Judge.
This cause is before us on appeal from an order denying Blakney’s motion to relocate the parties’ minor children to Minnesota and enjoining her from doing so. The record reflects that at the time of the hearing, Blak-ney’s husband had obtained a full-time job in Minnesota with a higher hourly wage and expanded opportunities (as opposed to his part-time job at a lower hourly wage in Florida), and purchased a mobile home in anticipation of the arrival of Blakney and the children. The trial court erred in finding to the contrary that Blakney’s husband was “attempting” to find employment in Minnesota and that there was “no evidence to indicate that the former wife’s, and therefore the children’s, lifestyle would improve in any manner.” The trial court’s denial of Blak-ney’s relocation motion is based, at least in part, on these erroneous findings.
We therefore must reverse and remand to the trial court for reconsideration in light of these errors and the Florida Supreme Court’s recent decision in Mize v. Mize, 621 So.2d 417 (Fla.1993). On remand, the trial court may receive such further evidence, if any, that it requires or that the parties wish to submit.
REVERSED AND REMANDED FOR RECONSIDERATION.
MICKLE and BENTON, JJ., concur.